

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**RALPH E. PERRY,**

     Plaintiff,

v.                                     Civil Action No. **3:14CV71**

**JOYCE JONES,** *et al.,*

     Defendants.

### MEMORANDUM OPINION

Ralph E. Perry, a former Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] By Memorandum Order entered on September 10, 2014, the Court directed Plaintiff to submit a Particularized Complaint. (ECF No. 22.) Plaintiff complied with the Court's directive and submitted his Particularized Complaint. (ECF No. 26.) Perry contends that Defendants Joyce Jones and Ken Peare, both kitchen supervisors at the Western Tidewater Regional Jail ("WTRJ"), violated his Eighth Amendment[2] rights by deliberately

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

failing to provide him with a diet consistent with his diabetic needs. (Part. Compl. 1–3.)[3] Perry further alleges that Defendants Jones and Peare violated his Ninth Amendment[4] rights. (*Id.* at 3.) The matter is before the Court on the Motion to Dismiss filed by Defendant Peare (ECF No. 37), as well as the Court's Memorandum Order of October 8, 2015, directing Perry to show cause as to why Defendant Jones should not be dismissed without prejudice for failure to serve her in a timely manner.  Despite sending appropriate *Roseboro*[5] notice with the Motion to Dismiss, Perry has not responded.  For the reasons stated below, the Court will GRANT Defendant Peare's Motion to Dismiss as to Perry's Ninth Amendment claim, but will DENY it as to Perry's Eighth Amendment Claim.  The Court will also DISMISS WITHOUT PREJUDICE all claims against Defendant Jones pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

## I.   FAILURE TO SERVE JONES

Under Rule 4(m)[6] of the Federal Rules of Civil Procedure, Perry had one hundred and twenty (120) days from April 7, 2015 to serve the Defendants. (ECF No. 31, at 1.)  The summons issued as to Defendant Jones was returned as unexecuted. (ECF No. 36.)

---

[3] The Court employs the pagination assigned to the Particularized Complaint by the CM/ECF docketing system.  The Court corrects the punctuation, spelling, and capitalization in quotations from the Particularized Complaint.

[4] "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend IX.

[5] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

[6] Rule 4(m) states, in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against the defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

2

Accordingly, by Memorandum Order entered on October 8, 2015, the Court directed Perry to "show good cause why all claims against Defendant Jones should not be dismissed without prejudice." (ECF No. 52, at 2.) Perry failed to respond to the October 8, 2015 Memorandum Order. Perry has failed to state good cause for his failure served Defendant Jones in a timely manner. Accordingly, all claims against Defendant Jones will be DISMISSED WITHOUT PREJUDICE pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

## II.    STANDARD FOR MOTION TO DISMISS

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and

3

conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations

omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the

speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570,

rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In

order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the

plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I.*

*DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft*

*Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th

Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574

F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing

statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint.

*See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City*

*of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.   SUMMARY OF ALLEGATIONS

In his Particularized Complaint, Perry alleges that Defendants Jones and Peare

deliberately denied him a diet that met his diabetic needs. Perry further alleges that Defendants

Jones and Peare violated his Ninth Amendment rights. Perry alleges:

> (1) After delayed reporting to start serving a two year sentence at [WTRJ].
> I am a diabet[ic] with chronic pancreatitis. I wasn't giv[en] friendly diabetic
> foods to comply with my diabetic needs as well as my chronic pancreatitis. After
> pleading and sending requests and statements of my insulin intake to the
> Defendants Joyce Jones [and] Ke[n] [Peare] showing and telling them that the
> starches they were serving me increased my insulin intake from 30 units coming
> out of Medical College of Virginia hospital in May 2013 to 102 units daily within
> two months of being in the jail!

(2) After seeing a gastroenterology Dr. for chronic pancreatitis, the Dr. saw that my insulin intake had tripled in less than 4 months due to being serve[d] unfriendly non-diabetic foods, lots of starch. So the gastroenterology ordered for me to be put on a 200 calorie diet with starch free foods.

(3) After the jail medical direct requested the two food supervisors that I Ralph Perry be put on a 200 calorie non[] starch diet. But after two weeks the Defendants did not comply with the jail medical director request. I continued to write and tell the Defendants that I could no longer eat what they served me, and they did not comply with the gastroenterology orders as well as the medical director's orders. The medical director called me into his office and explaine[d] to me that he had ordered the two Defendants Joyce Jone[s] and Ke[n] [Peare] to serve me 200 calorie non[] starch diet this is why I filed this 1983 grievance. I wrote both of the Defendants letting them know I file[d] this grievance, and the[y] both took my notice to the jail superintendent. He in return wrote me a letter saying I didn't take the right methods.

(Part. Compl. 1–2.)

## IV.   ANALYSIS

### A.   Ninth Amendment Claim

Perry asserts that Defendant Peare violated his Ninth Amendment rights because Peare "did not care about [his] wellbeing." (Part. Compl. 3.) Perry asserts that "[j]ust because [a right] is not mentioned in the Constitution does not mean that the people are not entitled to it!" (*Id.*) However, Plaintiff's claim under the Ninth Amendment is misplaced, as "the Ninth Amendment refers only to unenumerated rights, while claims under § 1983 must be premised on specific constitutional guarantees." *Bussey v. Phillips*, 419 F. Supp. 2d 569, 586 (S.D.N.Y. 2006) (citation omitted); *see Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986) (citations omitted). Accordingly, Perry fails to state a claim under the Ninth Amendment, and Defendant Peare's Motion to Dismiss will be GRANTED as to this claim.

### 2.   Eighth Amendment Claim

Perry alleges that Defendant Peare was deliberately indifferent to his medical needs by disregarding his need for a diabetic diet that required Perry to avoid starchy foods. (Part. Compl.

5

3.) Defendant Peare's sole argument for dismissal of this claim is that, as an employee of Aramark, a private corporation that provides food services to WTRJ, he "did not act under the color of state law but, rather, as an employee of a private corporation." (Mem. Supp. Mot. Dismiss 3, ECF No. 38 (citing *Strope v. Cline*, No. 07–3254–SAC, 2010 U.S. Dist. LEXIS 144521 (D. Kan. Mar. 18, 2010); *Harrison v. Richardson*, No. 09–3050–SAC, 2009 WL 735128 (D. Kan. Mar. 19, 2009); *Young v. Martinez*, No. 07–cv–01222–WYD–CBS, 2008 WL 793575 (D. Colo. Mar. 21, 2008)).

The United States Court of Appeals for the Fourth Circuit has "assume[d] without deciding that ARAMARK[, a private corporation,] act[s] under color of state law for purposes of § 1983 by performing the traditional governmental function of providing food service at [correctional facilities]." *Coleman v. ARAMARK*, 31 F. App'x 808, 809 (4th Cir. 2002) (citing *West v. Atkins*, 487 U.S. 42, 54–56 (1988)). Moreover, the Supreme Court has held that a physician under contract with the state to provide medical services to state prisoners "acted under color of state law for purposes of § 1983 . . . . [and that] [s]uch conduct is fairly attributable to the State." *West*, 487 U.S. at 54. Courts within the Fourth Circuit have relied upon the Supreme Court's reasoning in *West* to find that employees of private corporations that contract to provide food services act under color of state law for purposes of § 1983. *See, e.g., Cockerham v. Allen*, No. 2:13–09589, 2014 WL 1159340, at *6 (S.D. W. Va. Mar. 21, 2014) (citing *West*, 487 U.S. at 54); *Cherry v. Platt*, No. 3:10–cv–629–RJC, 2012 WL 868897, at *4 & n.4 (W.D.N.C. Mar. 13, 2012).

As noted above, Defendant Peare cites three cases in support of his argument that he "did not act under the color of state law but, rather, as an employee of a private corporation." (Mem. Supp. Mot. Dismiss 3.) In *Strope*, the District Court of the District of Kansas concluded that the

defendants, the kitchen manager and a kitchen line supervisor, were subject to dismissal because they acted as employees of ARAMARK and not under color of state law. 2010 U.S. Dist. LEXIS at *2, *5–8, 13. Specifically, the court concluded that "[t]here [was] no evidence of a relationship between [defendants] and the [Kansas Department of Corrections] that supports a finding that [their] conduct is attributable to a state agency or that the state controlled her actions." *Id.* at *7–8 (citations omitted). In *Harrison*, the District Court of the District of Kansas concluded that "[t]he Leavenworth Detention Center is not a state agency and its employees are not state employees or actors. They therefore do not act 'under color of state law.'" 2009 WL 735128, at *2. The court further noted that no cause of action under § 1983 could go forward against employees of the detention center because it was owned and operated by the Corrections Corporation of America, a private corporation. *Id.* In *Young*, the District Court of the District of Colorado found that the plaintiff "ha[d] not alleged that Aramark itself instituted any policy that was the moving force behind the alleged violations at issue," and that the plaintiff "ha[d] not shown that Aramark is a state actor or that it acted under color of state law for purposes of his § 1983 claim" regarding dirty linen. 2008 WL 793575, at *3.

The Court finds the analysis in these cases to be unpersuasive. In both *Strope* and *Harrison*, the District of Kansas cited *Blum v. Yaretsky*, 457 U.S. 991 (1982), to support its finding that the defendants had not acted under color of state law. However, *Blum* involved a "class of Medicaid patients challenging decisions by the nursing homes in which they reside[d] to discharge or transfer patients without notice or an opportunity for a hearing." *Blum*, 457 U.S. at 993. The Supreme Court concluded that the patients "ha[d] failed to establish 'state action' in the nursing homes' decisions to discharge or transfer Medicaid patients to lower levels of care." *Id.* at 1012. Particularly, the Court noted that "nursing homes [do not] perform a function that

has been 'traditionally the exclusive prerogative of the State." *Id.* at 1011 (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 353 (1974)). A private nursing home, however, differs greatly from a correctional facility, where the state is responsible for providing needed services, such as food and medical care, to inmates. *See Ramos v. Lamm*, 639 F.2d 559, 570–71 (10th Cir. 1980) (citations omitted) (noting that "the State must provide an inmate with a 'healthy habilitative environment.' This includes providing nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it.").

Moreover, whereas the plaintiff in *Young* brought suit against ARAMARK itself, here, Perry has brought suit against individual employees of ARAMARK. Accordingly, Perry need not allege facts to demonstrate that "an official policy or custom of [ARAMARK] cause[d] the alleged deprivation of federal rights." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999) (emphasis omitted). Rather, the Court finds the reasoning in *Cockerham* and *Cherry* to be persuasive, and finds that Defendant Peare acted under color of state law for purposes of § 1983. *Cockerham*, 2014 WL 1159340, at *6 (citing *West*, 487 U.S. at 54); *Cherry*, 2012 WL 868897, at *4 & n.4. The Motion to Dismiss will be DENIED as to Perry's Eighth Amendment claim against Defendant Peare.

## V.    CONCLUSION

For the foregoing reasons, the Motion to Dismiss (ECF No. 37) will be GRANTED as to Perry's Ninth Amendment claim ,but DENIED as to Perry's Eighth Amendment claim. Perry's Ninth Amendment claim against Defendant Peare will be DISMISSED WITH PREJUDICE. All claims against Defendant Jones will be DISMISSED WITHOUT PREJUDICE pursuant to Rule

4(m) of the Federal Rules of Civil Procedure.  Any party wishing to file a motion for summary judgment must do so within sixty (60) days of the date of entry hereof.

An appropriate Order will accompany this Memorandum Opinion.

/s/

James R. Spencer
Senior U. S. District Judge

Date: 11-12-15
Richmond, Virginia

9