IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**RALPH E. PERRY,**

    Plaintiff,

v.                                                       Civil Action No. **3:14CV71**

**JOYCE JONES,** *et al.,*

    Defendants.

**MEMORANDUM OPINION**

Ralph E. Perry, a former Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] By Memorandum Opinion and Order entered on November 12, 2015, the Court dismissed without prejudice all claims against Defendant Joyce Jones pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, and granted the Motion to Dismiss filed by Defendant Ken Peare, a kitchen supervisor at Western Tidewater Regional Jail ("WTRJ"), with respect to Perry's Ninth Amendment[2] claim. *Perry v. Jones*, No. 3:14CV71, 2015 WL 7016519, at *1 (E.D. Va. Nov. 12, 2015). What remains is Perry's claim that Peare violated his Eighth

---

[1] That statute provides, in pertinent part:

    Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX.

Amendment[3] rights by deliberately failing to provide Perry with a diet consistent with his diabetic needs. (Part. Compl. 1-3.)[4] The matter is now before the Court on Peare's Motion for Summary Judgment (ECF No. 56), as well as Perry's Motion for Summary Judgment (ECF No. 61). This matter is ripe for disposition. For the reasons stated below, Peare's Motion for Summary Judgment will be GRANTED, and Perry's Motion for Summary Judgment will be DENIED.

## I. STANDARD FOR SUMMARY JUDGMENT

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)). In reviewing a summary judgment motion, the Court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v.*

---

[3] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[4] The Court employs the pagination assigned to Perry's submissions by the CM/ECF docketing system.

*Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, a mere "'*scintilla* of evidence'" will not preclude summary judgment. *Anderson*, 477 U.S. at 251 (quoting *Improvement co. v. Munson*, 81 U.S. (14 Wall.) 442, 448 (1872)).

In support of his Motion for Summary Judgment, Peare has submitted his own affidavit. (Def.'s Mot. Summ. J. Ex. 1 ("Peare Aff."), ECF No. 56–1).

At this stage, the Court is tasked with assessing whether Plaintiff "has proffered sufficient proof, in the form of *admissible* evidence, that could carry the burden of proof of his claim at trial." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993) (emphasis added). Because Perry failed to swear to the contents of his Particularized Complaint under penalty of perjury, the Particularized Complaint fails to constitute admissible evidence. *See United States v. White*, 366 F.3d 291, 300 (4th Cir. 2004).

Perry attached to his Motion for Summary Judgment a copy of a medical record from a June 27, 2013 visit to the gastroenterology unit at MCV Hospital in Richmond, Virginia, and a copy of a June 10, 2013, letter from Shavon C. Jones, M.D. (ECF No. 61–1, at 1–4.) However, "[i]t is well established that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment." *Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993) (citation omitted). "For documents to be considered, they 'must be authenticated by and attached to an affidavit' that meets the strictures of Rule 56." *Campbell v. Verizon Va., Inc.*, 812 F. Supp. 2d 748, 750 (E.D. Va. 2011) (quoting *Orsi*, 999 F.2d at 92). Perry's submissions run afoul of these rules. Accordingly, the Court will not consider these medical records in connection with the Motions for Summary Judgment.

Perry also has submitted an article titled "Diabetes: Type 2" from RelayHealth (ECF No. 64–1, at 1–5), as well as a copy of the front page of a brochure titled "Insulin Therapy:

Managing Your Diabetes" from Harvard Medical School (*id.* at 6).[5] Perry contends that these documents constitute "a proper affidavit." (ECF No. 66, at 2.) However, these documents constitute hearsay. *See Hogge v. Stephens*, No. 3:09CV582, 2011 WL 2161100, at *6 (E.D. Va. June 1, 2011) ("Plaintiff submits several medical articles . . . . However, these documents are not authenticated and constitute hearsay." (quoting *Cornelius v. Wilkinson*, No. 1:05–cv–00545, 2006 WL 2404136, at *5 (N.D. Ohio Aug. 18, 2006))). While the Federal Rules of Evidence do provide a hearsay exception for learned treatises, *see* Fed. R. Evid. 803(18), such documents are only admissible if they are "'called to the attention of an expert witness upon cross-examination or relied upon by the expert witness in direct examination.'" *Cornelius*, 2006 WL 2404136, at *5 (quoting Fed. R. Evid. 803(18)); *see Wik v. Shelton*, No. CV 07–1726–HA, 2009 WL 2163529, at *1 (D. Or. July 17, 2009) (disregarding the submission of a medical publication meant to establish a medical standard of care because the document was not relied on by an expert witness). Because "[Perry] fails to present these medical articles in conjunction with expert testimony," they "are inadmissible and may not support [Perry's] allegations." *Cornelius*, 2006 WL 2404136, at *5.

Perry's complete failure to present any admissible evidence to counter Peare's Motion for Summary Judgment and to support his own Motion for Summary Judgment permits the Court to rely solely on Peare's Affidavit in deciding the Motions for Summary Judgment. *See Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) ("'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992))). Accordingly, the following facts are established for the Motions for Summary Judgment.

---

[5] The Court employs the pagination assigned to these submissions by the CM/ECF docketing system.

## II. UNDISPUTED FACTS

Peare is employed by Aramark Correctional Services, LLC, as a kitchen supervisor at WTRJ. (Peare Aff. ¶ 1.) He was working in that capacity while Perry was incarcerated at WTRJ. (*Id.*) As a kitchen supervisor, Peare is "aware of the processes involved in the creation of diets for inmates and ha[s] personal knowledge of the diet plan prepared for [Perry]." (*Id.* ¶ 2.) Peare "ha[s] no authority or discretion to alter any inmate's meal plan without an order from WTRJ's medical staff." (*Id.* ¶ 10.)

While Perry was incarcerated at WTRJ, medical staff ordered that Perry receive 2,800 calorie diabetic meals. (*Id.* ¶¶ 4, 6.) Such meals "were planned in accordance with the nutritional guidelines promulgated by the American Medical Association ('AMA'), the American Diabetic Association ('ADA'), the American Correctional Association ('ACA'), and the United States Department of Agriculture ('USDA')." (*Id.* ¶ 5 (some internal quotation marks omitted).) All of Perry's meals "were first inspected by WTRJ's medical staff to ensure that the meals were appropriate, safe, and adequately nutritious." (*Id.* ¶ 7.) All of Perry's meals "were prepared in accordance with the WTRJ's medical staff directives from the approved diet." (*Id.* ¶ 8.) Moreover, "WTRJ's medical staff ordered [Peare] to serve [Perry] with 2800 calorie diabetic meals, and never authorized [Peare] to alter [Perry's] meal plan in any way." (*Id.* ¶ 11.)

## III. EIGHTH AMENDMENT

To survive a motion for summary judgment on his Eighth Amendment claim, Perry must demonstrate that Peare acted with deliberate indifference to his serious medical needs. *See Brown v. Harris*, 240 F.3d 383, 388 (4th Cir. 2001). A medical need is "serious" if it "'has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person

would easily recognize the necessity for a doctor's attention.'" *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999)).

The subjective prong of a deliberate indifference claim requires Perry to demonstrate that Peare actually knew of and disregarded a substantial risk of harm to his person. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998) (citing *Farmer*, 511 U.S. at 837). Thus, to survive a motion for summary judgment under the deliberate indifference standard, a plaintiff "must show that the official in question subjectively recognized a substantial risk of harm . . . [and] that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich v. Bruce*, 129 F.3d 336, 340 n.2 (4th Cir. 1997)).

"The Eighth Amendment requires that inmates be provided 'well-balanced meal[s], containing sufficient nutritional value to preserve health.'" *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (alteration in original) (some internal quotation marks omitted) (quoting *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986)); *see also Wilson v. Johnson*, 385 F. App'x 319, 320

(4th Cir. 2010) (citing cases for proposition that Eighth Amendment requires nutritionally adequate food). Perry fails to proffer evidence that he sustained any injury, much less a serious or significant physical or emotional injury, from the diabetic diet provided to him by Peare. While incarcerated at WTRJ, Perry received a 2,800 calorie diet in accordance with guidelines promulgated by the AMA, ADA, ACA, and USA. (Peare Aff. ¶¶ 4–6.) All of his meals "were first inspected by WTRJ's medical staff to ensure that the meals were appropriate, safe, and adequately nutritious." (*Id.* ¶ 7.) Perry asserts that the meals he received at WTRJ caused a doctor to order an increase in his insulin dosage. (Part. Compl. 1.) Other than his own unsupported allegations, Perry does not establish that he suffered adverse physical effects from the meals he received. *See Nesbitt v. Cribb*, No. 6:09–2350–RBH–WMC, 2010 WL 1838725, at *9 (D.S.C. Apr. 13, 2010) (finding that plaintiff did not establish "any damage as a result" of the diabetic diet he received while incarcerated), *Report and Recommendation adopted by* 2010 WL 1838716 (D.S.C. May 5, 2010); *see also Pearson v. Ramos*, 237 F.3d 881, 886 (7th Cir. 2001) (holding that a prisoner "[w]holly lacking in medical knowledge" may not give expert medical testimony). Thus, Perry fails to establish the objective prong of his Eighth Amendment claim.

Perry also fails to produce evidence that Peare knew of and disregarded an excessive risk to Perry's health. *Farmer*, 511 U.S. at 837. As a kitchen supervisor at WTRJ, Peare "ha[d] no authority or discretion to alter any inmate's meal plan without an order from WTRJ's medical staff." (Peare Aff. ¶ 10.) "WTRJ's medical staff ordered [Peare] to serve [Perry] with 2800 calorie diabetic meals, and never authorized [Peare] to alter [Perry's] meal plan in any way." (*Id.* ¶ 11.) Clearly, Peare is not authorized to substitute his judgment for that of the medical staff at WTRJ. Therefore, because Peare was unable to alter Perry's diet, Peare could not have acted with deliberate indifference to Peare's medical needs. *See Escalante v. Huffman*,

7

No. 7:10CV00211, 2011 WL 3107751, at *12 (W.D. Va. July 26, 2011) (granting summary judgment to food services supervisor on plaintiff's Eighth Amendment claim because supervisor had no authority to change the plaintiff's medically-ordered diet), *Report and Recommendation adopted by* 2011 WL 3584992 (W.D. Va. Aug. 15, 2011). Accordingly, Peare's Eighth Amendment claim will be DISMISSED.

## IV. CONCLUSION

For the forgoing reasons, Peare's Motion for Summary Judgment (ECF No. 56) will be GRANTED. Perry's Motion for Summary Judgment (ECF No. 61) will be DENIED. Perry's Eighth Amendment claim against Peare will be DISMISSED. Because all of Perry's claims have been resolved, the action will also be DISMISSED.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 5-9-16
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge